IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

LAND VENTURES FOR 2, LLC,

2012 MAR 15  P 4: 54

CIVIL ACTION NUMBER: *2:12-cv-240*

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiffs,

vs.

MICHAEL A. FRITZ, SR. and FRITZ,
HUGHES & HILL, LLC,

JURY TRIAL DEMANDED

Defendants.

---

## COMPLAINT

---

### I. INTRODUCTION

1.      This is an action for actual and punitive damages filed by the Plaintiff pursuant to the Cod of Alabama §6-5-570 *et seq.* or the Alabama Legal Services Liability Act (ALSLA).

### II. JURISDICTION AND VENUE

2.      The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USCS § 1332.

3.      Venue is proper in this district because the defendants are residents of this district and the wrongs complained of occurred in this district.

### III. PARTIES

4.      Plaintiff Land Ventures for 2, LLC ("LV2") is a Florida Limited Liability Company with its principal place of business in Santa Rosa Beach, Walton County, Florida.

5.      Defendant Michael A. Fritz, Sr. ("Fritz") is an attorney licensed to practice law in the State of Alabama and in the Middle, Northern and Southern Districts of Alabama.  Fritz is a partner in the Defendant law firm of Fritz Hughes & Hill, LLC, in Montgomery, Alabama and specializes in Chapter 11 and Chapter 7 bankruptcies according to his CV.

6.      Defendant Fritz Hughes & Hill, LLC ("Law Firm") is an Alabama limited liability company with its principal place of business in Montgomery, Alabama.  Defendant Fritz

Complaint for Land Ventures for 2, LLC
vs. Michael A. Fritz, Sr., et al

is a Member of the LLC.  Attorneys in the Law Firm are Fritz, David B. Hughes and C. Richard Hill, Jr.  According to the Law Firm's website, http://www.fritzandhughes.com, its "emphasis in bankruptcy is the representation of businesses and individuals in Chapter 11 and Chapter 7 cases and proceedings."

## IV.  FACTUAL ALLEGATIONS

7.      On or about March 1, 2007, Plaintiff entered into a mortgage loan transaction with Farm Credit of Northwest Florida, ACA ("Farm Credit").  Said mortgage was secured by properties located in Crenshaw County, Alabama and Holmes County, Florida.

8.      On or about April 15, 2008, LV2 entered into a mortgage loan transaction with Access Mortgage Corporation, which mortgage was assigned to Regions Bank d/b/a Regions Mortgage.  Said mortgage was secured by property located at 185 Garrett Drive, Daleville, Alabama.

9.      Plaintiff was engaged in the business of leasing, renting and selling real property.

10.      In October 2008, Pittman met with Rick Hemby, an agent for Farm Credit, regarding the possibility of restructuring the Farm Credit loan.  Pittman and Hemby discussed reamortizing and restructuring the mortgage by extending the term of the loan for 25 years at 6% interest.

11.      LV2 was current on the Farm Credit loan and, according to Hemby, Farm Credit would not restructure the loan as long as Plaintiffs were current.

12.      Hemby advised Pittman that it may take several months to get approval on the restructuring and instructed Plaintiffs not to make the payments on the mortgage loan until the loan was restructured.  Based upon this advice, Plaintiffs did not make payments on the loan.

13.      On or about April 30, 2009, Pittman met with Farm Credit's President, CFO and Hemby to finalize the reamortization and restructuring of the loan as previously agreed.

14.      The parties agreed that the loan would be reamortized by extending the term of the loan to 25 years at 5.75% interest.  However, Plaintiffs were required to pay an additional amount for unpaid principal accruing since October 2008 and appraisal fees associated with the new loan.

15.      Plaintiffs paid Farm Credit the additional amount on or about April 28, 2009, but Farm Credit did not apply the monies to the accrued principal and appraisal fees as Plaintiffs believed.  The monies were applied to accrued interest only.

16.     At about this same time, Pittman searched the internet and found the law firm of Fritz and Hughes (Hill was not associated with the firm at that time), and specifically the CV of Defendant Fritz, an expert in Chapter 11 bankruptcies.

17.     LV2's manager, Todd Pittman, contacted Fritz and met with him in Dothan, Alabama, at which time Pittman gave Fritz paperwork related to LV2 and Pittman's personal finances, as requested and required by Fritz. Fritz took the boxes of Plaintiffs' documents to his Montgomery office.

18.     Fritz explained to LV2 that based upon Fritz's bankruptcy expertise, he could prevent Plaintiffs from losing assets through Chapter 11.

19.     Fritz did not request or require LV2 to complete a questionnaire to provide pertinent information and to aid Defendants as a checklist in representing LV2 and in preparing a potential Chapter 11 proceeding.

20.     Fritz began communicating with Farm Credit regarding the terms of the loan restructuring.

21.     It became clear that Farm Credit was not going to agree to whatever terms Fritz proposed, and Fritz advised that LV2 should file a Chapter 11 bankruptcy proceeding in order to bring Farm Credit to the table and to prevent any attempts at foreclosure. Fritz represented that through the Chapter 11 proceeding he could force Farm Credit to restructure their mortgage loan.

22.     LV2 provided Defendants with full disclosure of all information and documentation requested and required by Fritz.

23.     On or about March 4, 2010, Fritz met with LV2 to discuss pre-bankruptcy issues and the procedures involved in Chapter 11.

24.     On March 4, 2010, Plaintiffs paid a retainer to Fritz in the amount of $5,000.00 to represent LV2 in a Chapter 11 proceeding.

25.     On March 4, 2010, Defendants prepared and printed the documents required for filing LV2's Chapter 11 proceeding.

26.     On March 4, 2010, Fritz did not review the documents in detail with LV2.

27.     Defendants instructed Pittman to sign an undated Declaration re: Electronic Filing of Petition, Schedules & Statements on March 4, 2010.

28.     LV2, relying upon Defendants' bankruptcy expertise and upon Fritz's advice, signed the undated Declaration.

29.     After the March 4, 2010 meeting with LV2, Fritz continued to communicate with Farm Credit regarding the loan dispute.

30.     On March 15, 2010, Farm Credit informed LV2 and Fritz that Farm Credit would initiate a foreclosure proceeding.

31.     On March 16, 2010, Defendants reprinted LV2's Chapter 11 documents and at 10:51:51, Defendants electronically filed LV2's Chapter 11 Case No. 10-30651 in the United States Bankruptcy Court for the Middle District of Alabama.

32.     The date of "March 16, 2010" was handwritten on the Declaration re: Electronic Filing of Petition, Schedules & Statements previously signed by Pittman on March 4, 2010, and the Declaration was electronically filed on March 16, 2010 at 15:15:58. LV2 did not enter the date that was placed on the form.

33.     LV2's manager, Todd Pittman, did not sign the Bankruptcy petition, schedules and statements, rather, the defendants applied an "electronic signature" to these documents. LV2 did not physically sign these documents or review these documents before they were filed by the Defendants.

34.     Although Pittman had provided to Defendants all information and had produced documentation including, but not limited to, tax returns, deeds, mortgages, financial statements, lease information, property tax information, property values, asset information, investment information and bank statements, the Schedules and Statements filed by Fritz on March 16, 2010 inaccurately and incompletely reflected the financial status of LV2.

35.     Fritz did not meet with LV2 on March 16, 2010 to review the Petition, Schedules and Statements prior to electronically filing LV2's Chapter 11. Fritz did not provide to LV2 for review the following documents which Fritz prepared:

  a. Schedules B, D, E, F, G or H.

  b. List of Creditors holding 20 largest unsecured claims.

  c. Summary of Schedules

  d. Statistical Summary of Schedules.

  e. Declaration concerning Debtor's schedules.

  f. Statement of Financial Affairs.

  g. List of Equity Security Holders.

  h. Verification of Creditor's matrix.

36.     Fritz electronically filed LV2's Petition, Schedules and Statements on March 16, 2010 without LV2's final review, and without LV2's authorization and signature on the Petition, Schedules and Statements.

37.     Schedule A listed the following real property:

  a.  185 Garrett Drive, Daleville, AL (Regions Bank, secured party)

  b.  1695 Scott Road, Westville, FL (Farm Credit, secured party)

  c.  Highway 331 South, Luverne, AL (Farm Credit, secured party)

  d.  2252 Beach Drive, Unit 2305, Gulfport, MS

  e.  34 Herons Watch Way, Unit 7207, Santa Rosa Beach, FL

  f.  130 Elliott Drive, Bonnieville, KY

  g.  5847 Cox Burgess Loop Road, Defuniak Springs, FL

  h.  Highway 331 North, Rutledge, AL

38.     Defendants filed an Application for Employment of Professional Person (Doc. 7) on March 16, 2010, stating:  **"The applicant has selected the Firm for the reason that said Firm has had considerable experience in matters of this character, and believes the Firm is well qualified to represent the said debtor in this proceeding."** (Emphasis added.)  The Defendants were to render professional services including:

  a.  To give debtors legal advice with respect to powers and duties as the debtor-in-possession in the continued operation of said business and management of the property owned;

  b.  To prepare on behalf of the debtor-in-possession necessary applications, schedules, answers, orders, reports and other legal papers;

  c.  To be present and represent the debtor-in-possession in all bankruptcy hearings;

  d.  To assist in preparation of the Disclosure Statement and Chapter 11 Plan;

  e.  To perform all other legal services for debtor-in-possession which may be necessary herein.

39.     On March 17, 2010, the Court issued a Notice of Deficiency to Fritz for failure to file the List of the 20 Largest Creditors.

40.     On March 19, 2010, the Court issued a Notice of Deficiency to Fritz for failure to provide a complete address for Pittman on the matrix.

Complaint for Land Ventures for 2, LLC
vs. Michael A. Fritz, Sr., et al

Page 5 of 17

41.     Defendants failed to advise Plaintiff and failed to file a Motion pursuant to 11 U.S.C. § 363 seeking the Court's permission to sell the Coy Burgess Loop property listed on Schedule A prior to the April 9, 2010 closing.  With regard to the April 9, 2010 sale of the Coy Burgess Loop property, Defendants failed to:

      a.     file an application to employ the realtor associated with the sale of the Coy Burgess Loop property pursuant to 11 U.S.C. § 327; and

      b.     file an application pursuant to 11 U.S.C. § 330 seeking authority to pay the realtor's commission of approximately $4,500.00.

42.     Further, the Defendants failed to advise the Plaintiff that the Plaintiff had no authority to enter into any contract for sale Coy Burgess Loop property without the Court's approval.

43.     On April 13, 2010, Ford Motor Credit Company filed a Motion for Relief from Stay which was set for hearing on May 11, 2010.

44.     On April 16, 2010, Fritz filed Amended Schedules B and D adding Ford Motor Credit Company as a secured creditor.  The Amended Schedules were not authorized or signed by the Debtor.

45.     The Meeting of Creditors was held on April 23, 2010.

46.     On April 23, 2010, Farm Credit filed a lawsuit against Todd Pittman, co-maker of the note with Farm Credit, in the United States District Court for the Middle District of Alabama, Southern Division.  Fritz took no action to stay this proceeding for the benefit of the Plaintiff so that a proposed plan of reorganization could be pursued.

47.     At the § 341 hearing, Pittman testified that four professionals were involved in the Chapter 11, namely:  (1) LV2 was using an income tax service; (2) LV2 had retained counsel to represent it in pending litigation; and (3 and 4) LV2 had various real properties listed for sale with two different realtors.

48.     Defendants, on behalf of the Debtor, had not filed the requisite applications to employ any of the professionals in accordance with 11 U.S.C. § 327.

49.     At the § 341 hearing, Pittman, as manager of LV2, testified that the Coy Burgess Loop property listed on Schedule A had been sold by LV2 since filing Chapter 11.

50.     LV2 was unaware of the fact that LV2 was not allowed to employ the four professionals or to sell the Coy Burgess Loop property without the Court's permission.

Complaint for Land Ventures for 2, LLC
vs. Michael A. Fritz, Sr., et al

Page 6 of 17

51.     Defendants failed to advise Plaintiff and furthermore, Defendants failed to file the appropriate pleadings to obtain the Court's permission to sell the Coy Burgess Loop property and retain professionals associated with that transaction.

52.     Pittman further testified at the § 341 hearing that Kentucky real property listed on LV2's Schedule A with an estimated value of $289,000, was uninsured, as was the 2008 Ford truck scheduled on the Amended Schedules B and D, thus failing to provide adequate protection to creditors pursuant to 11 U.S.C. § 1112(b)(4)(c).

53.     On May 3, 2010, the Bankruptcy Administrator filed a Motion to Dismiss based upon Pittman's testimony at the § 341 hearing and that Debtor failed to file the required most recent balance sheet pursuant to 11 U.S.C. § 1116.

54.     On May 10, 2010, approximately one month after the sale of the Coy Burgess Loop property and almost two weeks after the § 341 hearing, Defendants filed a Motion of Debtor's Intention to Sell Real Estate within Ordinary Course of Business, Nunc Pro Tunc.

55.     In the Motion, Defendants alleged that "**Debtor** is in the business of selling property and **believed, wrongfully, that the sell [sic] in question was in his ordinary course of business and a Notice and or Motion pursuant to § 363 was not necessary.**" (Emphasis added.)

56.     The Notice of Debtor's Intention to Sell Real Estate was deficient in that the Motion "did not contain or feature prominently the notice legend required by the Local Bankruptcy Rules." Defendants were noticed of such deficiency on May 11, 2010 and given 7 days to cure such deficiency.

57.     On May 10, 2010, Defendants also filed separate Applications to Approve Employment of the two realtors mentioned by Pittman at the § 341 hearing.

58.     Pittman is not an attorney and Plaintiff was unaware of the legal procedure pursuant to the U.S. Bankruptcy Code for the sale of property.

59.     In actuality, Fritz failed to advise Plaintiff of the procedure and failed to timely file the necessary pleadings.

60.     On May 21, 2010, Defendants filed an Application to Approve Employment of Realtor for Estate, Nunc Pro Tunc. This Application involved the employment of Bruce Naylor for the purpose of marketing properties in Alabama and Florida.

61.     On or about June 2, 2010, Pittman appeared, answered and filed affirmative defenses in the District Court proceeding. Again, Fritz took no action to stay the District Court

proceeding so that the Company might cure the default in the pending Bankruptcy through a plan of reorganization.

62.    On June 3, 2010, Farm Credit filed a Motion for Relief from Stay alleging that LV2 had defaulted on mortgage payments and that Farm Credit lacked adequate protection for its interest in the Debtor's land.

63.    On June 14, 2010, Farm Credit filed a Motion to Dismiss or Convert alleging, among other things, (a) the statements made by Pittman at the § 341 hearing were false; (b) that without sufficient income or a reasonable and viable plan for the reduction of its debt, Debtor will not be able to formulate and fund any plan of reorganization; and (c) the gross mismanagement of the estate by the Debtor.

64.    On June 14, 2010, Defendants filed Amended Schedule B and Statement of Financial Affairs in LV2's Chapter 11.  The Amended Schedule and Statement of Financial Affairs were not authorized and were not signed by LV2.  In fact, LV2 was not aware that these pleadings were filed.

65.    On June 22, 2010, Regions Bank filed a Motion for Relief from Stay.

66.    On or about June 23, 2010, Farm Credit filed its Motion for Summary Judgment in the District Court matter.

67.    On July 2, 2010, Defendants filed adversary proceeding 10-03048, *Land Ventures for 2, LLC v. Farm Credit of Northwest Florida, ACA,* alleging violation of the automatic stay when Farm Credit and an appraiser gained access to one of Debtor's nonresidential properties by cutting a link in the chained lock on the gate.

68.    Farm Credit moved to dismiss the single count complaint pursuant to Rule 12(b)(6).

69.    Regions Bank's Motion for Relief from Stay was heard on July 13, 2010, as was the Bankruptcy Administrator's Motion to Dismiss or Convert Case.

70.    Fritz appeared on behalf of LV2 and represented to the Court that he had not had an opportunity to review appraisals presented by Regions and the hearing on Regions Bank's Motion was continued to July 27, 2010.

71.    The hearing on the Bankruptcy Administrator's Motion to Dismiss or Convert Case was continued to August 26, 2010.

72.    On July 16, 2010, Farm Credit filed an Amended Motion for Relief from Stay.

73.     By letter dated July 26, 2010, Fritz advised LV2 and Pittman that Farm Credit had sued Pittman individually and sought summary judgment.

74.     Fritz stated that "[P]er your instructions I have not defended the Motion for Summary Judgment. Once the summary judgment is granted Farm Credit will have a judgment against you personally and will attempt to collect that judgment."

75.     On August 12, 2010, Fritz filed an Interim Application for Approval of Fees and Expenses in the total amount of $12,481.85.

76.     On August 23, 2010, Defendants filed an Application to Employ Scott Speagle for purposes of representing LV2 in the adversary proceeding.

77.     On August 23, 2010, Speagle and Defendants filed an Amended Complaint in 10-03048, adding additional counts of misrepresentation, suppression and breach of contract.

78.     An Agreed Order Granting Adequate Protection Payments to Regions Bank was entered on August 23, 2010.

79.     On August 24, 2010, Defendants filed a Motion to Sell real property located in Bonnieville, Kentucky which was later withdrawn.

80.     On August 25, 2010, Farm Credit filed an Amended Motion to Dismiss Amended Complaint in the adversary proceeding, 10-03048, for Plaintiffs' failure to file an Amended Complaint within 21 days of serving it upon Farm Credit, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

81.     Neither Fritz nor Speagle opposed Farm Credit's Amended Motion to Dismiss.

82.     The hearing on Farm Credit's Motion to Dismiss and Amended Motion to Dismiss was held on August 26, 2010, with the Memorandum Decision entered on September 8, 2010, granting both Farm Credit's Motion to Dismiss and Amended Motion to Dismiss.

83.     The Court allowed LV2 the opportunity to file an Amended Complaint within 10 days of the date of the Order, but neither Fritz nor Speagle filed an Amended Complaint.

84.     On August 27, 2010, the Court entered an order denying the Bankruptcy Administrator's Motion to Dismiss or Convert Case.

85.     On August 27, 2010, the Court granted Farm Credit's Motion for Relief from Stay, allowing Farm Credit to pursue foreclosures on the Alabama and Florida properties.

86.     Fritz and the Law Firm failed to file an opposition to the July 9, 2010 Summary Judgment entered in favor of Farm Credit in the District Court.

87.     As a result, on August 30, 2010, a final judgment was entered in favor of Farm Credit and against Pittman in the amount of $741,113.81, plus the cost of collection of $30,716.06.  Again, an action that could have been prevented by Fritz's action to stay the proceedings while the Chapter 11 was proceeding.

88.     On September 3, 2010, Fritz, on behalf of LV2, entered a Notice of Appeal of the August 27, 2010 Order Granting Farm Credit Relief from the Automatic Stay.

89.     On September 8, 2010, Fritz, on behalf of LV2, filed a Motion to Sell two acres of Alabama property encumbered by Farm Credit.

90.     On September 9, 2010, Farm Credit filed objections to LV2's motions to sell the Kentucky property and the two acres of Alabama property.

91.     On September 10, 2010, LV2, by and through Fritz, filed a Motion to Expedite Hearing on LV2's Application to Employ Scott Speagle, attorney, and Motions to Sell properties.

92.     On September 15, 2010, LV2 filed an Emergency Motion for Stay Pending Appeal.

93.     At the September 21, 2010 hearing held on LV2's Emergency Motion for Stay Pending Appeal, the Court advised Debtor and Fritz that the bankruptcy court conditioned any stay on appeal on Land Ventures' pledging additional collateral in order to provide Farm Credit with security during the appeal.  The Court entered its order on September 23, 2010 denying LV2's Emergency Motion for Stay Pending Appeal.

94.     On September 23, 2010, Fritz, on behalf of LV2, filed a Motion to Sell the real property located at 130 Elliot Drive, Bonnieville, Kentucky.  The previous Motion to Sell filed on August 24, 2010, was withdrawn.  An Order granting the sale was entered on October 21, 2010.

95.     On September 23, 2010, the Court also entered an Order awarding Fritz attorney fees in the amount of $11,080.00, plus expenses in the amount of $1,401.85.

96.     On September 23, 2010, the Court granted LV2's Application to Employ Scott Speagle, attorney.

97.     Pittman, pro se, filed a Rule 60 Motion for Relief from Judgment in the District Court matter on or about September 29, 2010.

98.     On October 7, 2010, Farm Credit filed its Response to LV2's Motion to Reconsider in the District Court.

99.    On October 12, 2010, Scott M. Speagle, Attorney for Pittman, filed a Brief in Support of Pittman's Motion for Relief from Judgment in the District Court.

100.    On October 18, 2010, the District Court issued an Opinion and Order in Civil Action No. 2:10cv839-MHT denying LV2's Motion to Reconsider the Bankruptcy Court's order denying LV2's emergency motion for stay pending appeal. The Honorable Myron H. Thompson stated in his Opinion and Order that at the September 21, 2010 hearing on LV2's Emergency Motion for Stay, "the bankruptcy court conditioned any stay on appeal on Land Ventures' pledging additional collateral in order to provide Farm Credit with security during the appeal. Because Land Ventures refused to comply with this condition, the bankruptcy court stated that it would deny the motion and explained:

> '[Y]our plan seems to be to hang onto the property indefinitely and just let the bank, I guess, sort of hang out there indefinitely, and I am not willing to do that....I didn't think the bank was adequately protected when I rule in August. I offered you the opportunity to encumber other property...[I]t is a risk but **what it does is it puts the risk <u>on your client</u> where I think it ought to be....My problem with this from the start has been you [want] to put the bank in a situation where they are bearing the risk and, in the event you sell the property for a lot of money, <u>your client gets the profit</u>.** I don't think that's the way bankruptcy is supposed to work.'" (Emphasis added.)

*Quoted from page 3, Opinion and Order entered 10/18/10 by The Honorable Myron H. Thompson, United States District Judge, on the appeal from the United States Bankruptcy Court for the Middle District of Alabama, Civil Action No. 2:10cv839-MHT. The District Court denied LV2s motion to reconsider the Bankruptcy Court's order denying its emergency motion for stay pending appeal.*

101.    Farm Credit proceeded with the foreclosure on the Alabama property and on October 20, 2010, Farm Credit purchased the property for $370,000 at the non-judicial mortgage foreclosure sale. LV2 and Pittman were given ten days to vacate the property.

102.    An Order was entered by the Bankruptcy Court on October 21, 2010 granting LV2's Motion to sell the property located at 130 Elliott Drive, Bonnieville, Kentucky.

103.    On October 26, 2010, LV2, by and through Fritz, filed a Motion to Sell 1.44 acres at Deerfield Plantation, Geneva County, Alabama.

104.    On November 1, 2010 a Judgment was entered by District Court Judge Myron H. Thompson granting LV2's Motion to Withdraw the Appeal, and the appeal was dismissed.

105.    On November 3, 2010, the Memorandum Opinion and Order were entered in the District Court matter, *Farm Credit vs. Windham Todd Pittman*, denying Pittman's Motion for Relief from Judgment.

106.    On November 12, 2010, an Order granting Farm Credit's Motion to Dismiss in the adversary proceeding, *Land Ventures for 2, LLC vs. Farm Credit of Northwest Florida, ACA*, Adv. Pro. No. 10-03048-WRS.  LV2 was given 10 days to file an Amended Complaint.

107.    On December 28, 2010, Fritz emailed Pittman and Scott Speagle stating "we are at the point where we need to file a plan." This email was sent two weeks before the ***January 11, 2011 deadline for filing LV2's Chapter 11 plan.***

108.    On January 4, 2011, Fritz, on behalf of LV2, filed a Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement.

109.    On February 10, 2011, Farm Credit filed its Opposition to Motion for Extension of Period for Filing Chapter 11 Plan on the grounds that Debtor did not timely file its Motion to Extend period for filing Plan in accordance with 11 U.S.C. § 1121(e)(3).  The plan and disclosure statement "shall be filed not later than 300 days after the date of the order for relief." 11 U.S.C. § 1121(e)(2).  Therefore, LV2's plan was due to be filed on or before January 11, 2011.

110.    Farm Credit alleged that the Debtor could not demonstrate "by a preponderance of the evidence" at the February 15, 2011 hearing that "it is more likely than not that the court will confirm a plan with a reasonable period of time." 11 U.S.C. § 1121(e)(3)(B).

111.    Farm Credit alleged that the "Debtor continues to ignore the Bankruptcy Code and rules.  Without the authority of [the Bankruptcy Court] and without even seeking such authority, the Debtor apparently has used estate funds to employ Adkison in the Florida Foreclosure Action….Adkison's employment as an attorney for the Debtor was approved by [the Bankruptcy Court] for another civil action filed by the Debtor, not for the Florida Foreclosure Action."

112.    Farm Credit further alleged that "Debtor has not filed a plan and a disclosure statement; the Debtor's schedules, the claim of Farm Credit, and the monthly operating reports all demonstrate that the Debtor cannot propose a confirmable plan; and, because the Debtor failed to comply with Chapter 11's requirements for filing of the plan, among other reasons, the Debtor cannot and will not have a plan which 'complied with the applicable provisions of this title' as required by 11 U.S.C. § 1129(a)(1) and (e)."

113.    On February 17, 2011, the Bankruptcy Court issued an Order Denying LV2's Motion to extend exclusivity period.

114.    On March 29, 2011, an Order was entered converted LV2's Chapter 11 to a Chapter 7.

115.    On June 9, 2011, Fritz, on behalf of LV2, filed Amended Schedules B, F and G. The Amended Schedules were not signed and authorized by LV2.

116.    Although Fritz was aware of the fact that Pittman was a creditor of LV2, he had not listed Pittman as a creditor on the filed Schedules. On June 9, 2011, Fritz filed Amended Schedule D adding Windham Todd Pittman as creditor. The Amended Schedule was not signed by LV2.

117.    Through an exchange of communications on or about July 21 and 22, 2011 between R. Scott Williams, attorney for the Chapter 7 Trustee, and Fritz, it became evident that the Trustee questioned the financial status and dealings of LV2.

118.    The "allegations" prompted Fritz to forward by email to Williams a Motion to Compel Trustee to Abandon Property which was filed on July 21, 2011. The Motion compels to abandon all property except (a) 1695 Scott Road, Westville, FL; (b) 130 Elliot Drive, Bonnieville, KY; and (3) Hwy 331 North, Rutledge, AL.

119.    On July 29, 2011, Regions Bank filed a Motion for Termination of Automatic Stay to Permit Foreclosure on the Alabama property where Pittman and his wife resided.

120.    On July 29, 2011, the Deputy Clerk of the United States District Court issued the Writ of Garnishment against Pittman in the *Farm Credit vs. Pittman* case.

121.    On August 1, 2011, the Chapter 7 Trustee filed a Motion for Turnover.

122.    On that same date, the Trustee filed a Response to Debtor's Motion to Compel the Trustee to Abandon Property.

123.    On August 3, 2011, Farm Credit filed an Objection to LV2's Motion to Compel Trust to Abandon Property on the basis that abandonment is premature until creditors are paid in full from the liquidation of the real property assets of the estate.

124.    On August 10, 2011 the Chapter 7 Trustee filed a Motion to Sell the Crenshaw County, Alabama property.

125.    On August 12, 2011, the adversary case 10-03048 was closed.

126.    On August 15, 2011, Fritz, on behalf of LV2, filed a Notice of Withdrawal of Debtor's Motion to Compel Trustee to Abandon Property.

127.   On August 22, 2011, the Chapter 7 Trustee filed an Objection to Regions Bank's Motion for Termination of Automatic Stay.

128.   On August 31, 2011, Fritz filed an Application to Approve Professional Fees in Final payment to Fritz and the Law Firm in the amount of $16,272.00 fees and $3,255.22 costs.

129.   On September 1, 2011, Fritz and the Law Firm filed a Motion to Withdraw as Attorney on behalf of LV2.

130.   On September 2, 2011, Fritz, on behalf of LV2, filed a Motion to Continue the hearing on Trustee's Motion to Sell the Crenshaw County, Alabama property on the grounds that additional time was needed for Debtor to employ "additional counsel."

131.   On September 6, 2011, Pittman, pro se, filed an Emergency Motion to extend Deadline for Filing Response to Trustee's Motion to Sell Real Property.

132.   On September 7, 2011, the Trustee filed an Objection to Pittman's Emergency Motion.

133.   On September 9, 2011, an adversary proceeding (11-03074) against Regions Bank was filed by the Trustee.

134.   Trustee's Motion to Sell was granted on September 15, 2011.

135.   Fritz's Motion to Withdraw as Debtor's Attorney was denied on September 15, 2011.

136.   The Order on Regions Bank Motion for Relief was entered on October 3, 2011.

137.   On October 5, 2011, an Order for Debtor to Turnover Property and Records was entered.

138.   On December 16, 2011, the undersigned filed a Notice of Appearance and Request for Notice on behalf of Debtor.

139.   Fritz filed a Motion to Withdraw as Attorney and Request for Emergency Hearing on December 19, 2011.

140.   The Court granted Fritz' Motion to Withdraw on December 22, 2011.

141.   The defendants failed to provide legal services to the plaintiff with the reasonable care and skill and diligence as other similarly situated legal service providers in the same general line of practice in the same general area ordinarily have and exercise in each of the following instances:

    a.   The defendants failed to advise the Plaintiff that if the Chapter 11 plan was not successful that the Plaintiff's bankruptcy was required by statute to be dismissed

or converted to Chapter 7 and if the Bankruptcy was converted to Chapter 7 the Plaintiff's assets could be sold by the Chapter 7 Trustee.

b.   The defendants failed to advise the Plaintiff that Farm Credit was not subject to cram down or forced modification of its mortgage because it was an oversecured creditor as defined by 11 USCS §506 et seq.

c.   The defendants failed to advise the plaintiff of the potential conflict between the defendants obligations to LV2 and the interests of the members of the LLC.

d.   The defendants failed to procure the Plaintiff's signature on the petitions, schedules and statements and the amendments thereto before their filing.

e.   The defendants forged the plaintiff's signature on the petitions, schedules and statements and the amendments thereto before their filing with the Court.

f.   The defendants failed to adequately advise the plaintiff regarding the disposition of assets in the ordinary course of business and to file the appropriate pleadings to secure the Court's approval of the disposition of those assets.

g.   The defendants failed to adequately develop a plan of reorganization for the Plaintiff even though several options were readily apparent from the Plaintiff's financial circumstances.

h.   The defendants failed to propose a plan of reorganization for the Plaintiff even though several options were readily apparent from the Plaintiff's financial circumstances.

i.   The defendants failed to review the Plaintiff's bankruptcy petitions, schedules and statements with the Plaintiff to ensure that the information contained therein was accurate and complied with the disclosure requirements of the Bankruptcy Code.

j.   The defendants failed to timely file a motion requesting the extension of time to file a Plan of Reorganization and a disclosure statement as required by 11 U.S.C.S. § 1121(e).

k.   The defendants failed to timely file a Plan of Reorganization and a disclosure statement for the benefit of the Plaintiff as required by 11 U.S.C.S. § 1121(e).

l.   The defendants failed to oppose the early filed motions for relief from stay and thereby allowed assets of the Plaintiff to become subject to foreclosure and sale rather than seeking an adequate protection order pending plan confirmation.

142.    As a direct and proximate result of the breaches of the standard of care applicable to the attorneys under the ALSLA, the Plaintiff lost all of its assets, including all of its real property.

143.    The plaintiff estimated the value of that real property to be in excess of two million dollars at the time of the bankruptcy filing.

144.    Most of the properties that the plaintiff lost during the Chapter 7 liquidation were unencumbered (with the exception of the unrecorded mortgages in favor of the manager of the Plaintiff).

145.    Additionally, the Plaintiff lost rental income from these properties which had been significant on an annual basis.

146.    Additionally, the Plaintiff lost its cash investment account with a balance in excess of $100,000.

147.    All told, the Plaintiff lost assets of several million dollars as a result of the conversion to Chapter 7 and the resulting liquidation of those assets.

## COUNT ONE
## LEGAL MALPRACTICE UNDER THE ALSLA

148.    The plaintiff realleges all prior paragraphs as if set out here in full.

149.    The plaintiff alleges that the Defendants had a duty to provide legal services to the Plaintiff in accordance with the applicable standard of care as an expert in Chapter 11 bankruptcy.

150.    The plaintiff alleges that each of the items listed in paragraphs 141(a)-(l) constitute a breach of the applicable standard of care for a licensed legal services provider under the ALSLA 6-5-580, et seq.

151.    The plaintiff alleges that as a proximate result of these breaches of the standard of care that the Plaintiff was injured and damaged as alleged in the body of the complaint, specifically paragraphs 142-147.

152.    The plaintiff alleges that as a result of the breach of duty by the defendants that the Plaintiff is entitled to recover his actual damages and any appropriate exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will empanel a struck jury and that upon a trial of this matter, said jury will return a verdict against the defendants jointly and severally in such a sum of compensatory and punitive damages as a jury deems reasonable and may award.

## DEMAND FOR TRIAL BY JURY

The plaintiff hereby demands a trial by struck jury on all matters so triable in this case.

Nick Wooten
Attorney for the Plaintiff
Wooten, Hood & Lay, LLC
{Auburn Office}
P.O. Box 3389
Auburn, AL 36831
Tel: (334) 887-3000
Fax: (334) 821-7720
nick@nickwooten.com

Complaint for Land Ventures for 2, LLC
vs. Michael A. Fritz, Sr., et al

Page 17 of 17