IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAND VENTURES FOR 2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-240-WKW |
| | ) | [WO] |
| MICHAEL A. FRITZ, SR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

Plaintiff Land Ventures for 2, LLC ("Land Ventures"), commenced this legal malpractice action against its former bankruptcy attorney, Michael Fritz, and his law firm (collectively, "Fritz"), invoking the court's diversity jurisdiction, *see* 28 U.S.C. § 1332(a).  Chief Magistrate Judge Susan Russ Walker has been presiding over this action pursuant to the parties' consent and a general order of the court regarding the primary assignment of a percentage of specified civil cases to the magistrate judges.  *See* 28 U.S.C. § 636(c)(1); *In re: Assignment of "Regular Civil Cases" to United States Magistrate Judges*, General Order No. 3156 (M.D. Ala. Aug. 29, 2003), as amended.  But that consent and assignment do not stand on solid legal ground.  As this opinion explains, because this malpractice action is "otherwise related to a case under title 11," the authority to enter a final judgment

resides solely in "the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."  28 U.S.C. § 157(c)(1). Additionally, this court has in place a general order that precludes the referral and primary assignment of bankruptcy cases to the magistrate judges.  *See* General Order 3156 (excluding bankruptcy cases from its provisions governing primary assignment of civil cases to the magistrate judge).  For these reasons, which constitute good cause, the primary assignment of this matter to Judge Walker is VACATED *sua sponte* pursuant to 28 U.S.C. § 636(c)(4).[1]

## II.  PROCEDURAL HISTORY

When Land Ventures filed this malpractice action in March 2012, it was in the midst of a bankruptcy proceeding in this district.  *See In re Land Ventures for 2, LLC*, No. 10-30651 (M.D. Ala. Bankr. Mar. 16, 2010).  Because the propriety of the primary assignment of this case to the magistrate judge and the parties' ensuing consent to the jurisdiction of the magistrate judge hinges upon whether the proceedings before this court are related to the bankruptcy proceeding, it is helpful

---

[1] Section 636 authorizes a full-time magistrate judge to conduct proceedings in civil matters, including entry of judgment, "when specially designated to exercise such jurisdiction by the district court" and upon the consent of the parties.  § 636(c)(1).  It further provides that "[t]he court may, for good cause shown on its own motion, . . . vacate a reference of a civil matter to a magistrate judge."  *Id.* § 636(c)(4).

to begin with a summary of the pertinent procedural history in the bankruptcy proceeding.

**A.     The Bankruptcy Case**

Michael A. Fritz, an attorney, filed a Chapter 11 voluntary petition on behalf of Land Ventures in March 2010.[2]  By September 2011, the attorney-client relationship had soured, however, and Mr. Fritz moved to withdraw as counsel. The day prior to moving to withdraw, Mr. Fritz also filed an application for attorney's fees.  (*See* B. Ct. Doc. # 234 (Fritz's 8/31/11 application for compensation)).  Mr. Windham T. Pittman – Land Ventures' manager, 99% owner,[3] and an unsecured creditor of the estate – filed a *pro se* objection to Mr. Fritz's application, contending that Mr. Fritz had "not progressed on this matter as a reasonable competent attorney would proceed," and the bankruptcy judge conducted a hearing on the application in November 2011.  (B. Ct. Doc. # 308 (Pittman's 11/7/11 objection).)

A month after the hearing, Nicholas Wooten, Esq., filed a notice of appearance on behalf of Land Ventures in the bankruptcy case.  (B. Ct. Doc. # 334 (Wooten's 12/16/11 notice of appearance).)  On the same date, Mr. Wooten also

---

[2] The bankruptcy case was filed under Chapter 11, but later was converted into a Chapter 7 liquidation proceeding.  (B. Ct. Doc. # 180.)

[3] *See* Exhibit 48 to Fritz's summary judgment motion at 2 (Pittman's testimony at the April 23, 2010 meeting of the creditors in the underlying bankruptcy case).

3

filed a notice advising the bankruptcy court of a potential malpractice claim against Mr. Fritz and his firm and requested that the trustee abandon the claim. Ultimately, after learning of the debtor's potential lawsuit against Mr. Fritz and his law firm for malpractice, the bankruptcy judge permitted Mr. Fritz to withdraw in December 2011.[4]  (B. Ct. Doc. # 345 (12/20/11 order granting Fritz's motion to withdraw).)

Subsequently, on February 15, 2012, the trustee filed notice of her intent to abandon the malpractice claim. On March 15, 2012, the bankruptcy judge entered an order approving the trustee's abandonment of the claim. On May 31, 2012, concluding that "the attorneys for the debtor are entitled to a reasonable fee for their services," the bankruptcy judge entered an order granting Mr. Fritz's application and awarding fees in the amount of $16,272.00 and expenses in the amount of $3,255.22.  (B. Ct. Doc. # 309 (11/8/11 order setting hearing); B. Ct. Doc. # 333 (transcript of 11/15/11 hearing); B. Ct. Doc. # 335 (Land Ventures' 12/16/11 notice of potential malpractice claim against Fritz and request for abandonment); B. Ct. Doc. # 338 (Fritz's 12/19/11 motion to withdraw); B. Ct. Doc. # 355 (trustee's notice of intent to abandon the malpractice claim against Fritz); B. Ct. Doc. # 360 (3/15/12 order approving trustee's abandonment of

---

[4] On September 15, 2011, the bankruptcy judge had denied without prejudice Mr. Fritz's earlier motion to withdraw, filed on September 1, 2011.  (B. Ct. Docs. # 236, 256.)

malpractice claim); B. Ct. Doc. # 378 (5/31/12 order awarding fee).) Several months later, on September 13, 2012, Land Ventures successfully moved the bankruptcy court to vacate the order awarding fees to Mr. Fritz. (B. Ct. Docs. # 403–08). However, the fee already had been paid to Mr. Fritz, and the order of the bankruptcy court did not order disgorgement.

In July 2013, the bankruptcy case was closed, and the trustee was discharged. (B. Ct. Doc. # 452.) The bankruptcy court retains the authority, however, to reopen the bankruptcy case to resolve the fee petition, if necessary. *See* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."); § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.").

## B.     The District Court Malpractice Action

On March 15, 2012, the same date that the bankruptcy court had approved the trustee's abandonment of the malpractice claim, Land Ventures commenced the present action in the district court as a regular civil case within the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). This action was assigned to Judge Walker pursuant to General Order No. 3156, which provides that the magistrate judges shall be given primary assignment of a specified percentage of regular civil cases.

The order defines "regular civil cases" as "civil cases which are not pro se or bankruptcy cases" and "primary assignment" as "presumptive assignment of a case to a Magistrate judge for all purposes including entry of judgment unless a party declines consent." General Order No. 3156, at 2. Thereafter, the parties consented to have a magistrate judge conduct all proceedings including the trial and entry of judgment.

On July 25, 2012, which was during the pendency of the bankruptcy court's short-lived Order awarding Mr. Fritz attorney's fees, Mr. Fritz moved for summary judgment on the malpractice claim, arguing that the claim was "barred under the doctrines of res judicata and collateral estoppel due [to] the final order issued by the bankruptcy court concerning the quality, nature and extent of the legal services provided by the Defendants to [Land Ventures]." (D. Ct. Doc. # 19, at 1; D. Ct. Doc. # 18.) The magistrate judge denied the summary judgment motion without prejudice based upon the pendency of Land Ventures' pending motion in the bankruptcy court to vacate the order awarding Mr. Fritz attorney's fees, and, as indicated above, the bankruptcy court ultimately granted Land Ventures' motion and vacated the order awarding attorney's fees.

Land Ventures also sought an order from the magistrate judge withdrawing the reference of Mr. Fritz's application for compensation from the bankruptcy court. Land Ventures argued that permissive withdrawal of the "admittedly core"

fee petition from the bankruptcy court was appropriate because it was "related to this attorney malpractice action." Land Ventures contended that an order resolving Mr. Fritz's fee petition "might affect the debtor's rights in the . . . malpractice matter" and that the bankruptcy court lacked jurisdiction over the malpractice action because it had been "abandoned by the Bankruptcy Estate." (D. Ct. Doc. # 26, at 1, 5; D. Ct. Doc. # 27.) On February 14, 2013, the magistrate judge denied the motion for permissive withdrawal and referred the malpractice action to the bankruptcy court pursuant to 28 U.S.C. § 157 for pretrial proceedings, "including entry of any required orders and/or proposed findings of fact and conclusions of law, as appropriate."[5] (D. Ct. Doc. # 28.) The magistrate judge also directed the bankruptcy court to refrain from ruling on Mr. Fritz's pending fee petition until the malpractice claim was resolved, noting that "disposition of the malpractice claims may inform the Bankruptcy Judge's decision on the defendant's pending application for compensation." (D. Ct. Doc. # 28.)

Discovery proceeded, and the parties filed cross-motions for summary judgment. The bankruptcy court has entered a Recommendation on the pending motions for summary judgment, recommending that Mr. Fritz's summary judgment motion be granted, that Land Ventures' summary judgment motion be denied, and that this malpractice action be dismissed with prejudice. That

---

[5] In the bankruptcy court, the referred malpractice action was assigned Miscellaneous No. 13-302.

Recommendation, to which Land Ventures objected, remains pending and will be addressed in a separate Order.

### III. DISCUSSION

Part III addresses three issues. The first two issues – whether the malpractice action relates to the bankruptcy case and whether the district court must enter judgment in the malpractice action – reveal why the primary assignment of this malpractice action to the magistrate judge and the parties' ensuing consent to the jurisdiction of the magistrate judge cannot stand. The third issue addresses and confirms that the referral of this action to the bankruptcy court for a recommendation was proper.

**A.** **Whether the District Court Malpractice Action Relates to Title 11**

The first issue is whether the malpractice action relates to a title 11 case. By statute, the court is authorized to refer to the bankruptcy judges for this district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," § 157(a), *i.e.*, cases that fall within the original jurisdiction granted to the district courts by 28 U.S.C. § 1334. Consistent with the permission granted by § 157(a), the court has entered a general order permitting referrals to the bankruptcy judges to the full extent permitted by the

statute. General Order of Reference, Bankruptcy Matters, No. M-32 (M.D. Ala. Apr. 25, 1985).[6]

Land Ventures commenced the present action in the district court as a regular civil case within this court's diversity jurisdiction, apparently in reliance on the general rule that bankruptcy jurisdiction ceases to exist over property abandoned by the trustee.[7] This court initially must decide whether the trustee's abandonment of Land Ventures' malpractice action means the malpractice action is not related to the bankruptcy case within the meaning of § 157(a).

Upon the bankruptcy judge's approval of the trustee's abandonment of the malpractice claim, the estate relinquished its interest in the claim. *See Old W. Annuity & Life Ins. Co. v. Apollo Group*, 605 F.3d 856, 863 (11th Cir. 2010) ("When a bankruptcy trustee abandons estate property, the estate is completely

---

[6] The operative language of the general order is as follows:

[I]t is ORDERED, pursuant to the authority granted to this United States District Court by 28 U.S.C. 157(a), that all cases under title 11, United States Code, and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the Bankruptcy Judges for this District.

It is further ORDERED that papers in all cases under title 11, United States Code, and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be filed with the Clerk of the Bankruptcy Court for this District.

General Order of Reference, Bankruptcy Matters, No. M-32 (M.D. Ala. Apr. 25, 1985).

[7] Land Ventures brought this action on the basis of diversity of citizenship, and the bankruptcy judge concluded in his pending Recommendation that diversity jurisdiction is proper. (D. Ct. Doc. # 1, 34-1). This court analyzes bankruptcy jurisdiction, not because it is necessary to sustain this court's exercise of subject matter jurisdiction, but to determine the applicability of the statutes and general orders governing referral to the bankruptcy judges and magistrate judges of this court.

divested of any interest in the abandoned property."); *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1276 (11th Cir. 2007) ("[T]he Trustee's abandonment was a ministerial act pursuant to the Bankruptcy Code which divested the Trustee, and Martin's estate, of any remaining interest in the state court litigation. However, this abandonment "in no way affected either the bankruptcy court's order approving the settlement or the court's jurisdiction to enforce that order." (emphasis omitted)). Generally, bankruptcy jurisdiction over estate property lapses upon its abandonment. An abandoned civil claim falls within an exception to the general rule, however, and remains "related to a case under title 11" and within the court's bankruptcy jurisdiction if its disposition could affect the administration of the estate in bankruptcy. *Elscint, Inc. v. First Wis. Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127 (7th Cir. 1987). This is such a case.

A civil proceeding is "related to" a case under title 11 if its outcome "'could conceivably have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995)). In other words, "'[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of

10

the bankrupt estate.'" *Id.* (quoting *Pacor, Inc.*, 743 F.2d at 994). When Land Ventures commenced the present action in the district court, the action was at least "related to a case under title 11" within the meaning of the statute and the court's general order of reference of bankruptcy matters. This is so – despite the court's approval, several hours earlier, of the bankruptcy trustee's abandonment of the malpractice claim – because Mr. Fritz's fee petition remained pending.

The bankruptcy code precludes the bankruptcy judge from awarding any compensation for "services that were not . . . reasonably likely to benefit the debtor's estate," 11 U.S.C. § 330(a)(4)(A)(ii), and mandates that the bankruptcy judge consider the "nature, the extent, and the value" of Mr. Fritz's professional services in determining "the amount of reasonable compensation to be awarded," § 330(a)(3); *id.* at subsection (3) (listing relevant factors). Evaluating the "nature" and "value" of the professional services rendered by Mr. Fritz implicates the quality of his legal representation. *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 880 (11th Cir. 1990) (stating, in reviewing a fee award under § 330(a), that, "[e]ven exceptional results do not warrant enhancement 'unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in view of the [rates]

claimed'")[8] (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)); *Norman*, 836 F.2d at 1302 ("[T]he reasonable hourly rate . . . should reflect the skill demonstrated by the advocate.").

Additionally, Mr. Pittman, an unsecured creditor and 99% owner of Land Ventures,[9] had objected to the payment of fees to Mr. Fritz by the estate, asserting that Mr. Fritz had not proceeded as a reasonably competent attorney would have proceeded. Whether Mr. Fritz committed malpractice in prosecuting the bankruptcy case as alleged in the instant complaint was put at issue before the bankruptcy judge by Mr. Pittman's objection and by virtue of the bankruptcy judge's independent statutory mandate under § 330(a)(3).[10] The trustee's abandonment of the malpractice claim did not relieve the bankruptcy judge of his statutory obligation to evaluate the nature and value of Mr. Fritz's legal

---

[8] *Grant* was decided before the 1994 amendment to the statute; however, the statutory text then also required that fees be awarded "based on the nature, the extent, and the value of such services." *Grant*, 908 F.2d at 878; Pub. L. 103-393, § 224(b) (revising § 330(a), effective Oct. 22, 1994). In *Grant*, the Eleventh Circuit held that reasonable compensation under § 330(a) is determined by the lodestar method, taking into account the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Grant*, 908 F.2d at 877–79. The 1994 amendment to § 330(a), in essence, codified a lodestar approach; it added a non-exclusive list of factors relevant in the bankruptcy context. *See* Pub. L. 103-393, § 224(b). The most recent amendment modified the list slightly. 11 U.S.C. § 330(a)(3), as amended by Pub. L. 109-8, effective Oct. 2005.

[9] *See* B. Ct. Doc. # 195, 369, 377; *see also* Exhibit 48 to Fritz's motion for summary judgment (D. Ct. Doc. # 34-11, at 11.)

[10] *See* D. Ct. Doc. # 34-4, Land Ventures' brief in opposition to Fritz's motion for summary judgment at 4 ("LV2's challenges to the attorney fee applications of . . . Mr. Fritz again arose directly from Mr. Fritz's malpractice. . . . If Mr. Fritz had not committed malpractice[,] there would have been no objection to his fees by LV2.").

representation in resolving the application for compensation, a "core" matter that remained pending before him.  When the malpractice complaint was filed, therefore, resolution of its claims conceivably could have affected distribution of the estate; a judgment in favor of Land Ventures on the malpractice claim may very well have precluded re-litigation of the "value" of Mr. Fritz's professional services in his petition seeking the payment of fees from the estate, just as the bankruptcy judge's order granting the application for fees – had it remained a final order – may have had preclusive effect on the malpractice claim.[11]  Accordingly, the malpractice action was, at its inception, within this court's bankruptcy jurisdiction as a case related to a case under title 11.

Moreover, the malpractice claim continues to have a conceivable effect on the bankruptcy estate based upon the bankruptcy judge's order vacating his earlier award to Fritz of compensation from the estate.  Though Fritz had been paid by the trustee before the bankruptcy judge vacated his order authorizing such payment, the record of the hearing on the motion to set aside the fee award reveals that the bankruptcy court did not require Fritz to disgorge the previously awarded fees.

---

[11] Federal courts of appeals have found bankruptcy court orders granting fee petitions to preclude malpractice claims against court-approved professionals.  *See, e.g., Capitol Hill Group v. Pillsbury, Winthrop, Saw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009); *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003); *Iannochino v. Rodolakis*, 242 F.3d 36 (1st Cir. 2001); *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925 (5th Cir. 1999).  In its motion filed in the district court after the bankruptcy judge vacated the order awarding fees, Land Ventures advanced the interrelatedness of the "admittedly core" fee petition and the present malpractice claim as grounds for permissive withdrawal of the reference  (D. Ct. Docs. # 26, 27.)

The bankruptcy court advised the parties that it would leave the matter open for later determination pending resolution of the malpractice action. (Bankruptcy Case No. 10-30651, recording of 09/11/12 hearing at approximately 21:02–21:40 and 26:40 - 27:10) (not transcribed).)  Thus, once the bankruptcy court vacated its order, the fees paid previously to Fritz once again became property of the estate (albeit in the hands of Fritz), subject to further order of the court regarding its disposition.  The bankruptcy court's subsequent closing of the estate, approval of the trustee's final report, and discharge of the trustee did not effect a transfer of this property to Fritz, in view of the prior orders of the court and the court's ability to reopen the bankruptcy case to resolve the fee petition, if necessary.  *See* 11 U.S.C. §§ 350(b), 554(d).

Through several conceptual avenues, the malpractice action relates to the bankruptcy.

**B.     Whether Judgment Must Be Entered by a District Judge**

The second issue is whether the district court must enter judgment in the malpractice action.  The short answer is "yes."

The statute that authorizes referral of bankruptcy matters to the bankruptcy court provides that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11."  28 U.S.C. § 157(c)(1).  "[I]n such a proceeding," however, "the bankruptcy judge shall

14

submit proposed findings of fact and conclusions of law to the district court." *Id.* "[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." *Id.*

As to § 157(c)(1)'s first requirement, there is some authority that an action against a court-appointed or court-approved professional for malfeasance in the course of the bankruptcy proceeding is a "core" proceeding within the court's "arising in" jurisdiction. *See Schultze v. Chandler*, 765 F.3d 945, 948–49 (9th Cir. 2014) (collecting cases). The abandoned malpractice claim, however, is no longer property of the estate, even though it is related to the application for attorney's fees. The court concludes that the instant malpractice action is not a core proceeding for purposes of § 157. *Cf. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1348 (11th Cir. 1999) (observing that "engrafted upon all of [the proceedings listed as 'core' in § 157(b)] is an overarching requirement that property of the estate under § 541 be involved").

As to § 157(c)(1)'s second requirement, the court already has determined that the malpractice action is related to the title 11 bankruptcy proceeding, *see supra* Part III.A. Because § 157(c)'s requirements are satisfied and this court has not authorized its magistrate judges to enter final judgment in bankruptcy matters,

the district judge must enter judgment in the malpractice action. *Cf. Minerex Erdoel, Inc. v. Sina, Inc.*, 838 F.2d 781,786 (5th Cir. 1988) (referral of a § 158 appeal from a bankruptcy judge's award of fees to debtor's counsel to a United States magistrate pursuant to 28 U.S.C. § 636(c) and the consent of the parties held to be improper). Accordingly, the magistrate judge lacks authority to enter final judgment in this malpractice action, and the referral of this case to the magistrate judge as a primary assignment was erroneous.

### C.  Whether the Referral to the Bankruptcy Court Was Proper

The third issue is whether the referral of the malpractice action to bankruptcy court was proper. This case falls within the terms of the court's general order of reference of bankruptcy matters. *See* General Order M-32, at 4. By filing its malpractice action in the district court in contravention of the court's general order of referral, Land Ventures, in essence, had "withdrawn the reference" of the malpractice action on its own, without obtaining the approval of the district court. Accordingly, the magistrate judge's subsequent referral of this action to the bankruptcy court was proper.[12]

---

[12] Because Land Ventures presented the complaint to the district court clerk with a civil cover sheet that did not identify the nature of the suit as a bankruptcy matter, the clerk assigned the case to a magistrate judge pursuant to the court's general order governing assignment of "regular civil cases" to the magistrate judges. General Order No. 3156. If the malpractice complaint had been filed originally in the bankruptcy court, and the case thereafter had come before the district court on either the bankruptcy clerk's transmittal of the bankruptcy judge's recommendation pursuant to § 157(c)(1) or a petition to withdraw the reference, the clerk would not have identified the case or petition to withdraw for primary assignment to a magistrate judge.

## IV.  CONCLUSION

For the foregoing reasons, and for good cause, it is ORDERED that, pursuant to 28 U.S.C. § 636(c)(4) and General Order No. 3156, the erroneous primary assignment of this matter to the magistrate judge is VACATED.

It is further ORDERED that the orders previously entered by the magistrate judge are ADOPTED and AFFIRMED.

The Clerk of the Court is DIRECTED to annotate the docket to reflect the primary assignment of this case to the undersigned district judge.

DONE this 9th day of October, 2015.

/s/ W. Keith Watkins<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

*See* General Order No. 3156 (excluding bankruptcy cases from primary assignment to a magistrate judge).  Hence, this case was assigned primarily to a magistrate judge under the court's consent procedures based upon Land Ventures' error in commencing the action in the district court, and, unfortunately, that error has continued unabated until now.